# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **EDWARD THOMAS SLATTERY**, <br><br> Defendant. | Case Nos. 3:07-cr-00362-SI <br> 6:07-cr-60008-SI <br> 6:07-cr-60009-SI <br><br> **OPINION AND ORDER** |

Billy J. Williams, United States Attorney, and Jane Shoemaker, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204. Attorneys for United States of America.

Stephen R. Sady, Chief Deputy Federal Defender, and Elizabeth G. Daily, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, 10 S.W. Main Street, Suite 1700, Portland, OR 97204. Attorneys for defendant.

**Michael H. Simon, District Judge.**

Before the Court is defendant Edward Thomas Slattery's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. ECF 39.[1] For the following reasons, the motion is denied.

## STANDARDS

Section 2255 permits a prisoner in custody under sentence to move the court that imposed the sentence to vacate, set aside, or correct the sentence on the ground that:

---

[1] Unless otherwise indicated, ECF references are to the docket in Case No. 6:07-cr-60008-SI.

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255(a).

Under Section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" *United States v. Baylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (emphasis in original) (quoting 28 U.S.C. § 2255). A motion pursuant to § 2255 must be filed within one year from the date on which a petitioner's conviction becomes final, unless an exception applies. *Id.* § 2255(f)(1). One exception provides that a motion is timely if (1) it "assert[s] . . . [a] right . . . newly recognized by the Supreme Court," *id.* § 2255(f)(3), (2) it is filed within one year from "the date on which the right asserted was initially recognized by the Supreme Court," *id.* § 2255(f)(3), and (3) the Supreme Court or controlling Court of Appeals has declared the right retroactively applicable on collateral review, *Dodd v. United States*, 545 U.S. 353, 358-59 (2005). Only the Supreme Court may "recognize" a new right under § 2255(f)(3). *Dodd*, 545 U.S. at 357-59. In order to show that his or her claim relies on a new rule of constitutional law, a movant must show that "(1) he or she was sentenced in violation of the Constitution and that (2) the particular constitutional rule that was violated is 'new,' [and] was 'previously unavailable'" *United States v. Geozos*, 870 F.3d 890, 895 (9th Cir. 2017).

## BACKGROUND

### A. Defendant's Conviction and Sentencing

In 2004, while serving a state prison sentence, Defendant walked away from his work crew assignment. ECF 54 at 8 (Presentence Report, filed under seal). He proceeded to steal

PAGE 2 – OPINION AND ORDER

clothing and other items from a nearby residence and committed a robbery at a credit union. *Id.* He was apprehended shortly after the robbery. *Id.* While in custody, Defendant conveyed numerous threats by phone and mail. *Id.*

Defendant had three federal criminal cases pending against him (3:07-cr-362-SI, 6:07-cr-60008-SI, and 3:07-cr-60009-SI). On September 17, 2007, he resolved all three cases by pleading guilty to one count of unarmed bank robbery, in violation of 18 U.S.C. § 2113(a), and eight counts of threats to various officials, including the President, Queen Elizabeth II, and a federal judge, in violation of 18 U.S.C. 871(a), 876(c), 15(a)(1)(B), 878(a) and 1038(a)(1). ECF 23. Under the terms of the plea agreement, the parties stipulated that Defendant qualified as a career offender under the United States Sentencing Guidelines ("Guidelines"), which produced a combined Guidelines range of 151-188 months under offense level 32 and criminal history category VI for all of the offenses. *Id*. at 14. Defendant further agreed not to argue for a below-guideline sentence. *Id.*

Defendant's presentence report also recommended that he be sentenced as a career offender. ECF 54 at 18. This recommendation was based on the career offender provision of the Guidelines, which increases a defendant's offense level if the current offense is a "crime of violence" or a "controlled substance offense" and the defendant has already been convicted of committing two or more such offenses. Guidelines § 4B1.1. Defendant had three prior convictions that the presentence report determined to be "crimes of violence," and thus career offender predicate offenses: two prior Oregon convictions for Burglary I and one prior federal conviction for threatening the President. ECF 54 at 18. Consistent with the plea agreement, and including the career offender enhancement, the presentence report recommended a Guidelines range of 151-188 months. *Id.* at 28. Without the career offender enhancement, the presentence

PAGE 3 – OPINION AND ORDER

report calculated a significantly lower Guidelines range—110-137 months' incarceration under offense level 25 and criminal history category VI. *Id.* at 15-18.

At sentencing on January 25, 2008, the court adopted the Guidelines calculations in the presentence report, including the career offender enhancement, and imposed a low-end sentence of 151 months for the charge of unarmed bank robbery, and concurrent sentences of 120 months and 60 months for the remaining counts of making threats. Defendant did not appeal his convictions or sentences or file any motions challenging his sentences.

**B. Legal Developments: *Johnson* and *Beckles***

In 2005, three years before Defendant's sentencing, the Supreme Court ruled that the Federal Sentencing Act, insofar as it made the Guidelines mandatory, was unconstitutional. *United States v. Booker*, 543 U.S. 220, 233 (2005). Following *Booker*, courts consider the Guidelines to be "advisory" and not binding on their sentencing decisions. Defendant, sentenced in 2008, was sentenced under the post-*Booker* "advisory" regime of the Guidelines.

At the time that Defendant was sentenced, the Guidelines defined a "crime of violence," in part, as one that "is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." Guidelines § 4B1.2(a) (emphasis added).[2] The italicized portion of that definition is known as the "residual clause."

Before 2015, the Armed Career Criminal Act ("ACCA") defined "violent felony" in part through a residual clause that was textually identical to that of the Guidelines. 18 U.S.C. § 924(e)(2)(B)(ii). The ACCA imposes a mandatory minimum sentence of 15 years

---

[2] The "crime of violence" definition in Guidelines § 4B1.2(a) was amended effective August 1, 2016, to delete the residual clause and modify the list of enumerated offense.

imprisonment, and a maximum sentence of life imprisonment, upon certain defendants who have been found to have three previous convictions for a "serious drug offense" or "violent felony." 18 U.S.C. § 924(e)(1). The Ninth Circuit previously has treated the two residual clauses interchangeably. *See*, *e.g.*, *United States v. Coronado*, 603 F.3d 706, 709 (9th Cir. 2010) ("the definitions should be interpreted similarly").

In June 2015, the Supreme Court struck down the residual clause of the ACCA as unconstitutionally vague. *United States v. Johnson*, 135 S. Ct. 2551, 2563 (2015). The court in *Johnson* observed that the residual clause required courts "to picture the kind of conduct that the crime involves in 'the ordinary case,' and to judge whether that abstraction presents a serious potential risk of physical injury" in determining whether certain crimes were "violent felonies." 135 S. Ct. at 2557 (2015). The court held that the "indeterminacy of th[is] wide-ranging inquiry . . . denies fair notice to defendants and invites arbitrary enforcement by judges." *Id.* As such, imposing a mandatory increase to a defendant's sentence under the clause was an unconstitutional denial of due process. *Id.* The next year, in *United States v. Welch*, the Court held that *Johnson* had announced a new substantive right that applied retroactively on collateral appeal. 136 S. Ct. 1257, 1268 (2016).

In March 2017, the Supreme Court held that the rule announced in *Johnson* does not apply to sentencing provisions that do not "fix" a sentence. *United States v. Beckles*, 137 S. Ct. 886 (2017). In *Beckles*, the defendant filed a § 2255 motion to vacate his post-*Booker* sentence, which had been enhanced under the career offender provision, on the grounds that *Johnson* rendered the residual clause of the Guidelines void for vagueness. 137 S. Ct. at 891. The Supreme Court held that the post-*Booker* advisory Guidelines are not subject to vagueness challenges under the Due Process clause of the Fifth Amendment. *Id.* at 890. The court observed

that the post-*Booker* Guidelines "merely guide the district court's discretion," and "[u]nlike the ACCA, . . . the advisory Guidelines do not fix the permissible range of sentences." *Id* at 892. "Rather, the Guidelines advise sentencing courts how to exercise their discretion within the bounds established by Congress." *Id.* at 895. Because "a system of unfettered discretion is not unconstitutionally vague," the Court reasoned, a system of guided discretion does not implicate the due process concerns of notice and arbitrary enforcement that form the basis of a vagueness challenge. *Id.* at 894.

## DISCUSSION

Defendant argues that his sentence, enhanced in reliance on the Guidelines residual clause in the post-*Booker* advisory regime, is unconstitutional under *Johnson*. Regardless of the Court's decision in *Beckles*, Defendant argues, "a significant sentence enhancement that has no justification other than an incorrect guideline calculation violates the Due Process Clause's guarantee against arbitrary, capricious, and unreasonable government action." ECF 51 at 17. Defendant also challenges his sentence on the grounds that it violates the Eighth Amendment's proportionality principle.

The Government argues that Defendant's § 2255 motion is time barred under 28 U.S.C. § 2255(f)(3), because it was filed almost eight years after his conviction became final and the constitutional right that he asserts is not the same right recognized in *Johnson*. In *United States v. Welch*, the Supreme Court held that *Johnson* applies retroactively to cases on collateral review, 136 S. Ct. at 1268, and Defendant filed his motion within one year of the *Johnson* decision. Thus, whether Defendant's motion is timely turns on whether Defendant is asserting a constitutional right that was newly recognized in *Johnson*.

Defendant concedes that, following *Beckles*, he cannot assert that *Johnson* created a new rule that rendered the post-*Booker* Guidelines unconstitutionally vague. He argues, rather, that

PAGE 6 – OPINION AND ORDER

*Johnson* announced a constitutional rule that is independent of the void-for-vagueness analysis, and that this rule survived *Beckles*. This rule, Defendant contends, is "that the residual clause's formulation—the combination of an imprecise standard and hypothetical analysis—does not satisfy constitutional standards for fair sentencing." ECF 56 at 7. Defendant asserts that "*Beckles* did not undermine the logical conclusion that the Guidelines' residual clause sinks into the same interpretive morass that caused the ACCA's residual clause to be declared invalid." ECF 51 at 9. Defendant further argues that, because of the interpretive issues identified in *Johnson*, his previous burglary convictions "no longer provide a lawful basis for career offender treatment." Without a lawful basis for career offender treatment, Defendant argues, the substantial increase in his recommended sentencing range from a minimum of 110 months to a minimum of 151 months is both arbitrary and capricious, in violation of the Due Process Clause, and disproportionate, in violation of the Eighth Amendment.

The underlying logic of *Beckles*, however, is that previous convictions are neither clearly lawful nor unlawful bases for career offender treatment, because the Guidelines are merely advisory. Sentencing courts are under no obligation to treat defendants as career offenders under the Guidelines. This is true even if previous convictions unambiguously qualify as predicate offenses. Courts are also free to make an upward departure from the range recommended by the Guidelines, even where previous convictions unambiguously *do not* qualify as predicate offenses. As the Supreme Court explained in *Irizarry v. United States*, a case on which the *Beckles* Court relied,

> [a]ny expectation subject to due process protection . . . that a criminal defendant would receive a sentence within the presumptively applicable Guidelines range did not survive our decision in [*Booker.*] . . . [N]either the Government nor the defendant may place the same degree of reliance on the type of

> "expectancy" that gave rise to a special need for notice [in the mandatory regime]

553 U.S. 708, 713-14 (2008). Insofar as Defendant is arguing that the presumption of reasonableness that courts afford sentences within the Guidelines range creates a sentencing regime that is effectively binding upon courts, Defendant makes the same argument made by Justice Sotomayor in her concurrence in *Beckles. See Beckles*, 137 S. Ct. at 900 (2017) ("It follows from the central role that the Guidelines play at sentencing that they should be susceptible to vagueness challenges under the Due Process Clause." (Sotomayor, concurring)). Without commenting on the merits of this position, it was rejected by the majority in *Beckles* and so too must be rejected by this Court.

To the extent Defendant argues that, notwithstanding this Court's sentencing discretion, his sentence is substantively unreasonable—either as arbitrary and capricious under the Due Process Clause or disproportionate under the Eighth Amendment—those claims do not rely on rights newly recognized in *Johnson*. It is true that *Beckles* did not "render the advisory Guidelines immune from constitutional scrutiny." 137 S. Ct. at 895. But Defendant is time barred under § 2255(f) from asserting anything other than a newly declared constitutional rule. The new constitutional rule announced in *Johnson* is that the residual clause in the ACCA—and potentially the residual clause in other regimes that fix sentences[3]—is unconstitutionally vague. *Johnson*'s characterization of the residual clause as uninterpretable was not itself a new rule of

---

[3] Courts are split as to whether *Johnson* created a new constitutional rule that applies to the pre-*Booker* mandatory Guidelines regime, or whether the new constitutional rule is limited to the ACCA. *Compare Moore v. United States*, 2017 WL 4021654 (1st Cir. 2017) (holding that a § 2255 motion was not successive because *Johnson* announced a new constitutional rule that applied to the pre-*Booker* Guidelines) *with United States v. Brown*, 868 F.3d 297 (4th Cir. 2017) (holding that a § 2255 motion was untimely because the new constitutional rule announced in *Johnson* applies only to the ACCA); *Raybon v. United States*, 867 F.3d 625 (6th Cir. 2017) (same).

constitutional law that creates a due process right independent of *Johnson*'s void-for-vagueness rule. Tellingly, in support of his Eighth Amendment challenge, Defendant does not cite *Johnson*, but cases from 2005, 1991, and 2003. In support of his Due Process Clause argument, Defendant does not cite *Johnson*, but cases from 2006, 1987, and 1986. To the extent that these cases assert constitutional rights that support Defendant's § 2255 motion, the Supreme Court had recognized those rights long before the statute of limitations had run on Defendant's right to file a § 2255 motion.

## CONCLUSION

The Court DENIES Slattery's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence as time barred. ECF 39.

**IT IS SO ORDERED**.

DATED this 13th day of October, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge